UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN OBASOHAN, | No. 2:19-cv-01557 JAM AC PS |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| PETER LEMOS, et al., | |
| Defendants. | |

Plaintiff is proceeding in this action pro se and has paid the filing fee. The action was accordingly referred to the undersigned for pretrial matters by E.D. Cal. R. ("Local Rule") 302(c)(21). On August 12, 2019, a scheduling order was issued in this case ordering the plaintiff to serve a copy of the scheduling order and complete service of process on defendants within 90 days of filing the complaint. ECF No. 2 at 1. Plaintiff was cautioned that failure to complete service within 90 days may result in dismissal pursuant to Fed. R. Civ. P. 40(m). Id. The deadline passed, and no certificate of service was filed. On January 6, 2020, the court issued an order to show cause no later than January 20, 2020 why this case should not be dismissed for failure to prosecute. ECF No. 7. The order specified that a showing of proof of service on defendants would be deemed good cause, and that failure to comply with the order would result in a recommendation that this case be dismissed. Id. at 2.

////

1

On January 17, 2020, plaintiff filed two documents: (1) a Response to the order to show cause (ECF No. 8), and (2) a copy of the summons with "Notice to Eric Jones" hand-written at the top (ECF No. 9). Although the Response is 73 pages in length, it does not contain any proof of service, indicate any attempt to serve or intention to serve the defendants, or explain why service could not be timely effectuated. See ECF No. 8. To the contrary, the Response is entirely non-responsive to the Order to Show Cause, and appears to consist of factual material related to the underlying property dispute and related state court proceedings. Id.

The "Notice to Eric Jones," ECF No. 9, likewise does not address the service issue. There is nobody named "Eric Jones" listed as a defendant in this case. The copy of the summons bears a stamp from the Stockton Police Department dated August 13, 2019, but the Stockton Police Department is likewise not a named defendant and the stamp does not provide any information about how the Police Department received a copy of the summons. There is no proof of service attached, and no explanation of any attempts to serve the summons and complaint on the named defendants under Fed. R. Civ. P. 4.

Therefore, IT IS HEREBY RECOMMENDED that this action be dismissed, without prejudice, for lack of prosecution and for failure to comply with the court's order. See Fed. R. Civ. P. 41(b); Local Rule 110.

These findings and recommendations are submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one (21) days after being served with these findings and recommendations, plaintiff may file written objections with the court. Such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Local Rule 304(d). Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: January 22, 2020

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE